IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA J. SOMMERVILLE,

        Plaintiff,

vs.                            Case No. 11-4079-SAC

HEALTHCARE SERVICES GROUP,
INC.,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim. Defendant contends that Plaintiff's claim is barred by the exclusive remedy provision of the Kansas Worker's Compensation Act ("KWCA").

**The Standard**

The Court will dismiss a cause of action for failure to state a claim when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint that tenders naked assertions devoid of further factual enhancement fails to meet this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts the facts alleged in the complaint as true, even if doubtful in fact, and views all reasonable inferences from those facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

When, as here, a plaintiff acts *pro se*, the court construes the pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*.

**The Complaint**

The face of the complaint alleges that on July 16, 2009, Plaintiff was injured on the job, was injured again on Oct. 10, 2009, and was hurt in 2010. Plaintiff refers to an unspecified "accident," and states her need for an operation to her back and hip, alleging that she is suffering mental anguish and is in constant pain. Plaintiff contends that she went to "their" doctor but he did not examine her, and that she was turned down by workers' compensation insurance with no explanation why. The complaint alleges that Plaintiff has medical problems based on these injuries, and that absent the operation, she will end up in a wheel chair for the rest of her life. Plaintiff asserts that in the future, companies need to offer a health care plan to

protect its employees from abuse when papers come up missing, and doctors need to check people out more. Dk. 1.

In deciding a 12(b)(6) motion, the court's task is to determine whether the complaint states a claim to relief that is plausible on its face. *Doe v. City of Albuquerque*, 667 F.3d 1111, 1118 (10th Cir. 2012). In doing so, the Court generally "should not look beyond the confines of the complaint itself." *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002) (quoting *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 960 (10th Cir. 2001), *reversed on other grounds by* 537 U.S. 79 (2002)). If, however, a document is referred to in the complaint and is central to the plaintiff's claim, it may be considered on a motion to dismiss. *MacArthur*, 309 F.3d at 1216.

Here, the sole document Plaintiff refers to in her complaint is "one record from Oct. 10, 2009." Attached to Plaintiff's complaint is an incident report bearing that date, which appears to be central to her claim. Other documents are attached to the complaint, but bear other dates and thus are not referred to in the complaint.[1] The incident report referenced in the complaint states that Plaintiff's is an employee; that her job title is a cook; that she works in the dietary department; that the incident occurred in the "kitchen walkin"; and that it occurred when she was "pulling mighty Shakes & slipped in [the] cooler[;] hit left & right knees on floor part that seperates

---

[1] Even if the Court were to consider all the documents attached to the complaint, its decision and analysis would remain unchanged.

(sic) cooker from storeroom." Dk. 1, Att. A, p. 1. The Court does not understand what "pulling mighty Shakes" refers to, but believes that on October 10, 2009 Plaintiff, a cook, slipped and fell on her knees in or near the Defendant's walk-in cooler, while working in the kitchen as Defendant's employee.

Plaintiff's complaint and the incident report allege that Plaintiff suffered multiple injuries on the job on various dates, but do not explain the nature of the Defendant's liability for that injury, or how the Defendant was involved. Plaintiff does not allege any facts that might give rise to a claim for relief against this Defendant in federal court, and after reviewing the relevant documents the Court cannot determine how Plaintiff believes the Defendant has wronged her. Whether Plaintiff's claim is a tort or contract or other claim is unclear. This complaint is one of the rare bare-bones filings that is properly subject to 12(b)(6) dismissal because it fails to identify any acts or omissions of the defendant that might give rise to liability in this court. The complaint is thus subject to dismissal without prejudice for failing to state a claim to relief that is plausible on its face. *See Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

**The Exclusive Remedy Defense**

    **Jurisdiction**

    Defendant contends that the dismissal should be with prejudice.

Defendant first contends that the KWCA "divest[s] this Court of jurisdiction"

because that Act provides the exclusive remedy for Plaintiff's work-related

injuries. Dk. 11, p. 2, 5. The Court disagrees. The KWCA's exclusive remedy

provision is an affirmative, waivable defense which Defendant bears the

burden to prove. *See Wheeler v. Rolling Door Co.*, 33 Kan.App.2d 787, 791

(2005); *Anderson v. National Carriers, Inc.*, 10 Kan.App.2d 203, 206 (1985).

Waivable defenses do not implicate the court's jurisdiction. *Radil v. Sanborn*

*Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (examining

Colorado's exclusive remedy provision). *See Denver & Rio Grande W.R. Co.*

*v. Blackett*, 538 F.2d 291, 294 (10th Cir. 1976) ("[T]he application of

affirmative defenses offer[s] no jurisdictional question."). "The exclusive

remedy provision provides an affirmative defense to the suit, not a

jurisdictional barrier to it." *Piper v. Stellar Fireworks, Inc.*, 2010 WL

3943628, 1 (D.Kan. 2010). The exclusive remedy provision of the KWCA

thus limits an employer's liability, but does not purport to limit the court's

power to entertain the suit.

    On the face of Plaintiff's complaint, jurisdiction is proper pursuant to

28 U.S.C. § 1332. Of course, federal courts need not exercise diversity

jurisdiction over non-cognizable state claims. *Radil*, 384 F.3d at 1225. Thus

had the parties conceded that the KWCA was the exclusive remedy for the Plaintiff's injuries under Kansas law, the claim would not be cognizable in Kansas state court, and a 12(b)(1) dismissal may be warranted. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). But here, no such concession has been made.

## Dismissal With Prejudice

Defendant contends that the case should be dismissed with prejudice because plaintiff's claims are barred by the KWCA's exclusive remedy provision. Defendant must show that the undisputed facts compel application of the exclusivity defense as to each of Plaintiff's claims, as a matter of law. *See Radil*, 384 F.3d at 1225-26. The exclusive remedy provision of the KWCA states:

> Except as provided in the workers compensation act, no employer... shall be liable for any injury... for which compensation is recoverable under the workers compensation act...

K.S.A. § 44–501b(d). Under this provision, if a worker is entitled to receive benefits from her employer as compensation for her injury, she cannot maintain a common-law negligence action against that employer for damages. *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, 314 (1977); *Griffin v. United States*, 644 F.2d 846, 848 (10th Cir. 1981). An employer can succeed on the exclusive remedy defense only if the injured worker could have recovered workers compensation benefits from the employer. *Zehring v. Wickham*, 232 Kan. 704, 658 P.2d 1004, 1006 (1983).

6

The parties agree that Plaintiff's claim for workers' compensation benefits for her October injury was denied, but the reasons for that denial are unknown to the Court. Defendant may nonetheless prevail on this motion by meeting its burden to show that benefits under the KWCA were recoverable by the Plaintiff, despite the fact that Plaintiff did not actually receive those benefits. See *Robinett v. Haskell Co.,* 270 Kan. 95, 97 (2000) (holding "a worker may not maintain a common-law action for damages founded upon negligence against a party from whom he or she *could have recovered* compensation from that employer under the Act.") (emphasis added); K.S.A. § 44–501b(d). Defendant's burden is thus to plead and prove the existence of the conditions that make the KWCA a bar to the employee's ordinary remedy. *Orr*, 6 Kan.App.2d at 336; *Thille*, 958 F.2d at 331.

The statutory provision regarding an employee's ordinary remedy for a personal injury suffered on the job provides:

> (b) If in any employment to which the workers compensation act applies, an employee suffers personal injury by accident … arising out of and in the course of employment, the employer shall be liable to pay compensation to the employee in accordance with and subject to the provisions of the workers compensation act.

K.S.A. 44-501b(b). "To receive an award of compensation, a claimant must prove that he or she sustained personal injury by accident arising out of and in the course of his or her employment. K.S.A. 44-501(a)." *Haywood v. Cessna Aircraft Co.*, 31 Kan.App.2d 934, 940 (2002). Accordingly, for Defendant to prevail on its exclusive remedy defense, it has the burden to

show: 1) an employment relationship between it and plaintiff; 2) the employee suffered personal injury by accident; 3) the employee's injury arose in the course of her employment; and 4) the employee's injury arose out of her employment. The latter two elements have distinct meanings, and each condition must exist before compensation is available. *Siebert v. Hoch*, 199 Kan. 299, 303 (1967). "The phrase 'arising out of' implies some causal connection between the accidental injury and the employment." *Coleman v. Swift–Eckrich*, 281 Kan. 381, 383 (2006). The focus of this inquiry is on whether the activity that results in injury is connected to or inherent in the performance of the job. *Bryant v. Midwest Staff Solutions, Inc.*, 292 Kan. 585, 596 (2011).

Although the complaint and the incident report show that some of these elements are met as to some of Plaintiff's alleged injuries, the scant facts contained in those documents fail to show as a matter of law that any of Plaintiff's injuries arose out of her employment as is necessary to make them compensable under the KWCA. Because Defendant has not met its burden to show that Plaintiff's claims, whatever they may be, are barred by the exclusive remedy provision of the KWCA, its motion to dismiss with prejudice must be denied.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Dk. 10) is granted to the extent that Plaintiff's complaint is dismissed without

prejudice for failing to state a claim for relief, and is denied in all other respects.

Dated this 24th day of April, 2012 at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge